## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ROY E. OLDFIELD**                                                                          **PLAINTIFF**

**V.**                                            **NO. 4:10CV00769 BD**

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration**                                          **DEFENDANT**

### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Roy E. Oldfield appeals the final decision of the Commissioner of the

Social Security Administration (the "Commissioner") denying his claim for Disability

Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act").  For

reasons that follow, the decision of the Administrative Law Judge ("ALJ") is reversed

and remanded.

**I.**      <u>**Procedural History and Background**</u>:

On January 8, 2009, Mr. Oldfield filed for DIB claiming disability due to a

colostomy, perforated colon, back problems, Barrett's esophagus, torn rotator cuff,

herniated disc, and esophagus wrap.  (Tr. 83)  Mr. Oldfield claims an onset date of

December 17, 2008, and meets the insured status requirements through September 30,

2012.  (Tr. 30, 72)

Mr. Oldfield's claims were denied initially and upon reconsideration.  (Tr. 40-41)

At his request, an Administrative Law Judge ("ALJ") held a hearing on August 11, 2009,

at which Mr. Oldfield appeared with his attorney and testified.  (Tr. 29-36)  A vocational

expert also testified at the hearing.  (Tr. 37-38)

The ALJ issued a decision on October 9, 2009, finding that Mr. Oldfield was not

disabled for purposes of the Act.  (Tr. 9-16)  On June 15, 2010, the Appeals Council

denied his request for review, making the ALJ's decision the Commissioner's final

decision.  (Tr. 1-3)

Mr. Oldfield was forty-nine years old at the time of the hearing.  (Tr. 25, 29)  He

had an eleventh-grade education, had passed the General Educational Development test,

and had over three years of training in a trade school as a plumbing apprentice.  (Tr. 30-

31)  He had past work in masonry restoration and commercial waterproofing.  (Tr. 13, 38)

## II.   <u>Analysis</u>:

The ALJ followed the required five-step sequence set forth in 20 C.F.R. §§

404.1520(a)-(g).  At step one, the ALJ found that Mr. Oldfield had not engaged in

substantial gainful activity since December 17, 2008, his alleged onset date.  (Tr. 11)  At

step two, the ALJ found that Mr. Oldfield had the following medically determinable

impairments:  status post colostomy secondary to perforated colon, low anterior resection

to complete an ostomy closure, and laparoscopic repair of a ventral hernia with two

patches.  The ALJ went on to conclude, however, that Mr. Oldfield "does not have an

impairment or combination of impairments that has significantly limited (or is expected to

significantly limit) the ability to perform basic work related activities for 12 consecutive

months; therefore, the claimant does not have a severe impairment or combination of impairments." (Tr. 11)  Accordingly, the ALJ ended the process at step two and found that Mr. Oldfield was not disabled under the Act. (Tr. 15)

Mr. Oldfield raises two arguments in this appeal.  First, he claims the ALJ failed to properly consider the combined effects of his physical impairments in making his decision; and second, he claims the ALJ erred by finding he did not have a severe impairment at step 2. (#11 at pp. 7-11)  After a review of the record, the Court finds there is not substantial evidence to support the ALJ's conclusion that Mr. Oldfield did not have a severe impairment.

A.      *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence on the record as a whole to support the decision. *Johnson v. Astrue*, 627 F.3d 316, 319 (8th Cir. 2010); 42 U.S.C. § 405(g).  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009)(quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

B.    *The Severity of Mr. Oldfield's Impairments*

While Mr. Oldfield had the burden of showing his impairment was severe, this burden is not a great one. *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001). Step two of the sequential evaluation process provides a de minimus screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54, 107 S.Ct. 2287 (1986). An impairment or combination of impairments are not severe if they are so slight that it is unlikely that the claimant would be found disabled even if his age, education, and experience were taken into consideration. *Id.* at 153. "'An impairment imposes significant limitations when its effect on a claimant's ability to perform basic work is more than slight or minimal.'" *Warren v. Shalala*, 29 F.3d 1287, 1291 (8th Cir. 1994) (quoting *Cook v. Bowen*, 797 F.2d 687, 690 (8th Cir. 1986)).

20 C.F.R. § 404.1521(b) provides:

(b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include-

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

4

(6) Dealing with changes in a routine work setting.

The Commissioner must resolve any doubt as to whether the required showing of severity has been made in favor of the claimant.  See SSR 85-28 at *4 (1985); see also *Dewald v. Astrue*, 590 F.Supp.2d 1184, 1199 (D.S.D. 2008) (remanding case for failure to properly evaluate claimant's mental impairments).

Here, the ALJ determined that Mr. Oldfield's impairments were not severe after deciding not to give controlling weight to his treating physician's opinion and after finding Mr. Oldfield's complaints of severe, disabling pain were not credible.  On this record, the Court cannot find substantial evidence to support the ALJ's determination that no severe impairment or combination of impairments existed so as to justify ending the sequential evaluation process at step two.

As explained, an impairment imposes significant limitations when it has more than a slight effect on a claimant's ability to perform basic work activity.  Basic work activities include lifting and carrying.  20 C.F.R. § 404.1521(b).  Here, the medical evidence in the record establishes that Mr. Oldfield's impairments had more than a minimal effect on his ability to lift and carry.

Mr. Oldfield went to the hospital on December 17, 2008, complaining of abdominal pain.  John M. Stair, M.D., performed Hartmann resection for a perforated diverticulum later that day.  (Tr. 126-27)  Mr. Oldfield was released from the hospital on December 24, 2008, with arrangements for him to have home health care.  (Tr. 146)

5

On February 2, 2009, Carl L. Johnson, M.D., performed a consultative examination of Mr. Oldfield.  He diagnosed Mr. Oldfield with colostomy secondary to perforated colon and left shoulder pain.  He found that, at that time, Mr. Oldfield had mild limitation to lifting, carrying, and bending.  (Tr. 174)

On March 18, 2009, Mr. Oldfield returned to the hospital where Dr. Stair performed ostomy closure surgery.  Dr. Stair released Mr. Oldfield from the hospital on March 24, 2009.  The discharge papers signed by the nurse advised Mr. Oldfield that he could engage in "activity as tolerated" and was to follow up with Dr. Stair.  (Tr. 317)  On April 21, 2009, Dr. Stair wrote a note restricting Mr. Oldfield's ability to lift.  He stated, "Mr. Oldfield has had extensive surgery and is at risk for abdominal hernia.  He should not lift more than 15 lbs."  (Tr. 383)

Mr. Oldfield returned to the hospital on July 6, 2009, after an attempt to pick up a garden hose resulted in a hernia.  (Tr. 30, 393)  Dr. Stair performed laproscopic repair of a ventral hernia with two patches.  (Tr. 395-96)  Upon discharge from the hospital on July 8, 2009, Mr. Oldfield was advised that he could not lift over ten pounds for two weeks and was to follow up with Dr. Stair.  (Tr. 388, 443)

On August 11, 2009, Dr. Stair wrote: "Mr. Oldfield cannot lift anything [greater than] 7 lbs. due to risk for recurrent hernia.  These restrictions are permanent."  (Tr. 477)  Dr. Stair's opinion is substantial evidence supporting a conclusion that Mr. Oldfield's

impairments more than minimally limit his ability to perform basic work activity and will continue to be a limit for a period of 12 months.

The ALJ discredits Dr. Stair's opinion by pointing out that Dr. Johnson, the consulting physician, found that he had only "mild" limitation in lifting, carrying, and bending.  Dr. Johnson, however, examined Mr. Oldfield in February, 2009, prior to his ostomy closure and hernia surgeries.

The ALJ also points out that Mr. Oldfield testified at the hearing that he could lift ten pounds; but again, his ability to lift only 10 pounds satisfies the minimal burden of establishing that he has more than a slight or minimal limitation in his ability to perform basic work activity.

The issue for this Court is not whether Mr. Oldfield will ultimately be found disabled and qualify for benefits, but whether he has met his burden at second step of the sequential process and is entitled to a more complete evaluation of his claim.  See *Dewald*, 590 F.Supp.2d at 1207.  On this record, the Court cannot conclude that there is substantial evidence to support the ALJ's determination that no severe impairment or combination of impairments existed so as to properly end the analysis.

### III.   Conclusion:

After consideration of the record as a whole, the Court finds the decision of the Commissioner is not supported by substantial evidence, and the case must be remanded. Accordingly, the Commissioner's decision is reversed and remanded for action consistent

7

with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C.

§ 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

     IT IS SO ORDERED this 26th day of May, 2011.


_____
UNITED STATES MAGISTRATE JUDGE